CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Belen Acevedo**,<br><br>   Plaintiff,<br><br>   v.<br><br>**Andrew Coulter**, in individual and representative capacity as trustee of The 2015 Revay-Coulter Revocable Trust dated November 13, 2015; **Donald Robert Nolan**; **Donna Marie Nolan**; and Does 1-10,<br><br>   Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Belen Acevedo complains of Andrew Coulter, in individual and representative capacity as trustee of The 2015 Revay-Coulter Revocable Trust dated November 13, 2015; Donald Robert Nolan; Donna Marie Nolan; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from multiple sclerosis. She uses a walker and a scooter for mobility.

2. Defendant Andrew Coulter, in individual and representative capacity as trustee of The 2015 Revay-Coulter Revocable Trust dated November 13, 2015, owned the real property located at or about 221 N. Glendora Avenue, Glendora, California, in October 2018.

3. Defendant Andrew Coulter, in individual and representative capacity as trustee of The 2015 Revay-Coulter Revocable Trust dated November 13, 2015, owns the real property located at or about 221 N. Glendora Avenue, Glendora, California, currently.

4. Defendants Donald Robert Nolan and Donna Marie Nolan owned Village Eatery located at or about 221 N. Glendora Avenue, Glendora, California, in October 2018.

5. Defendants Donald Robert Nolan and Donna Marie Nolan own Village Eatery ("Restaurant") located at or about 221 N. Glendora Avenue, Glendora, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in October 2018 to eat.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

13. The walkway surface inside the restroom was not maintained by the defendants such that it was stable, firm and slip-resistant because it had loose floor mat on the floor.

14. Currently, the walkway surface inside the restroom is not maintained by the defendants such that it is stable, firm and slip-resistant because it has loose floor mat on it.

15. Restrooms are another one of the facilities, privileges and advantages offered by defendants to patrons of the Restaurant.

16. The restroom was improperly configured and too small for wheelchair users, measuring 94 inches in width and 50 inches in depth.

17. The height of the water closet (toilet), when measured to the top of the toilet seat was 15 inches.

18. The toilet seat cover dispenser was mounted so that its highest operable

Complaint

part was greater than 48 inches above the finish floor. In fact, the toilet paper dispenser was 56 inches high.

19. The restroom mirror was mounted on the wall so that its bottom edge was more than 40 inches above the finish floor. In fact, the restroom mirror was 54 inches high

20. Currently, the toilet stall is improperly configured and too small for wheelchair users, measuring 94 inches in width and 50 inches in depth.

21. Currently, the height of the water closet (toilet), when measured to the top of the toilet seat is 15 inches.

22. Currently, the toilet seat cover dispenser is mounted so that its highest operable part is greater than 48 inches above the finish floor.

23. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

24. Because of the inaccessible features in the restroom, plaintiff had to get assistance from her daughter.

25. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

26. Plaintiff personally encountered these barriers.

27. This inaccessible facility denied the plaintiff full and equal access and caused her difficulty, discomfort, and embarrassment.

28. Plaintiff plans to return and patronize the Restaurant but is deterred from visiting until the defendants remove the barriers.

29. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

30. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the

Complaint

Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

31. The restroom dispenser could be lowered to a compliant height for little to no cost.

32. The mirror could be lowered at little to no cost.

33. The restroom floor mat could be removed or affixed to the ground at little to no cost.

34. Plaintiff is deterred from returning and patronizing the Restaurant because of her knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

35. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

37. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

38. Ground and floor surfaces must be stable, firm, and slip-resistant. 2010 Standards § 302.1.

39. Here the failure to provide an accessible ground surface in the restroom

Complaint

is a violation of the law.

40. Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall must be at least 60 inches wide by 56 inches deep (if the toilet is wall mounted). 2010 Standards § 604.3.1.

41. Here, the toilet area does not comply and is in violation of the law.

42. The height of water closets (toilets) must be from 17 inches to 19 inches, measured to the top of the toilet seat. 2010 Standards § 604.4.

43. Here, the toilet seat is too low and does not comply with the ADA.

44. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 48 inches above the floor. 2010 Standards § 308.3.1.

45. Here, the failure to ensure that the wall mounted accessories met the height requirement is a violation of the ADA.

46. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 2010 Standards § 603.3.

47. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

48. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

49. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

50. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

51. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but she has been and will continue to be

Complaint

discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

54. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

55. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: October 26, 2018             CENTER FOR DISABILITY ACCESS

                                    By: _____
                                    Chris Carson, Esq.
                                    Attorney for plaintiff

Complaint